FELICE JOHN VITI, Acting United States Attorney (#7007)
BRADY WILSON, Assistant United States Attorney (#17350)
Attorneys for the United States of America
20 North Main Street, Suite 208
St. George, Utah 84770
Telephone: (435) 634-4266
brady.wilson@usdoj.gov

_____

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RYAN MICHAEL GAINES,<br><br>Defendant. | **UNITED STATES' POSITION REGARDING DETENTION**<br><br><br><br>Case No. 4:25-cr-00054-AMA-PK |

☒   The United States is not seeking detention under 18 U.S.C. §§ 3142(f)(1) or (f)(2) based on current information as of the date of this filing. The United States' position(s) in this preliminary pleading could change after reviewing the Pretrial Report and/or learning of additional evidence.

☐   Detention is not at issue because this is an immigration reentry case where the defendant has opted to participate in the fast track program, which includes agreeing to detention for the pendency of this case.

☐   The United States moves for detention based on current information. The United States' positions in this preliminary pleading could change after reviewing the Pretrial Report or learning of additional evidence. The United States reserves the right to assert positions even if the boxes next to those positions are not checked below, raise additional arguments, and file additional pleadings in support of detention. The United States' motion for detention is:

☐   Pursuant to 18 U.S.C. § 3142(f)(1) because defendant is charged with:

☐ **(A)** a crime of violence (*see* 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591 (sex trafficking of children), or an offense under § 2332b(g)(5)(B) (specific enumerated crimes) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(B)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(C)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(D)** any felony if the defendant has been convicted of two or more offenses described in (a) through (c) above, or two or more State or local offenses that would have been offenses described in (a) through (c) above if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(E)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250;

**OR**

☐ Pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

☐ **(A)** a serious risk the defendant will flee; **or**

☐ **(B)** a serious risk the defendant will obstruct or attempt to obstruct justice, or threaten, injure, intimidate, attempt to threaten, injure or intimidate a prospective witness or juror.

**Procedure**

The defendant may seek a continuance of the detention hearing of up to five days, and the United States may seek a continuance of up to three days. 18 U.S.C. § 3142(f). During any such continuance, the defendant shall be detained. *Id*. The rules concerning the admissibility of evidence do not apply at the detention hearing. *Id*. The United States has the burden of persuasion by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community or by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. *Id*.; *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

# Rebuttable Presumption

☐ A rebuttable presumption applies and the defendant bears the burden to produce some credible evidence to rebut this presumption.  The United States acknowledges that it retains the burden of persuasion.  The statutory presumption applies:

☐ Pursuant to 18 U.S.C. § 3142(e)(2) *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because:

**(A)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*

**(B)** the defendant committed that offense while on release pending trial for a Federal, State, or local offense; *and*

**(C)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for that, whichever is later.

☐ Pursuant to 18 U.S.C. § 3142(e)(3) *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(A)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(B)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(C)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 or more is prescribed;

☐ **(D)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(E)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

**Factors to Be Considered**

In the event that the United States' position was to change regarding detention, the United States may present arguments, proffer evidence, or provide testimony at any scheduled detention hearing supporting the detention of the defendant including, but not limited to:

☒ The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm or destructive device. (18 U.S.C. § 3142(g)(1)).

☒ The weight of evidence against the defendant. (18 U.S.C. § 3142(g)(2)).

☒ The history and characteristics of the defendant including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning court proceedings. (18 U.S.C. § 3142(g)(3)(A)).

☐ Whether, at time of the current offense or arrest, the defendant was on probation, parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law. (18 U.S.C. § 3142(g)(3)(B)).

☒ The nature and seriousness of danger to any person or to the community that would be posed by the defendant's release. (18 U.S.C. § 3142(g)(4)).

☐ The defendant's lack of legal status in the United States. The defendant's legal status is:

☐ How the defendant would be subject to removal or deportation after serving a period of incarceration.

☐ The defendant's significant family or other ties outside of the United States.

☐ The defendant's use of aliases or false documents.

☐ The defendant's prior attempts to evade law enforcement.

☐ How the defendant's proposed residence, employment, or proposed treatment programs have not been verified.

☐ The defendant's prior failures to appear for court proceedings.

☒ Other reasons including:

The government respectfully provides the following facts related to the allegation(s) in the Indictment for informational purposes only at this time. As stated above, the United States is not seeking detention at this time based on current information as of the date of this filing:

On Monday morning, April 21, 2025, St. George ICE ERO Supervisor Jordan Reddish got to work at the ICE office located at 389 N. Industrial Rd. Unit #4, St. George, Utah and noticed that an ICE Transit Van had been damaged. Specifically, each of the two side mirrors had been damaged and there were some scratches believed to have been made to the side of the Transit Van.

SGPD responded and officers located surveillance camera footage from the incident and found that, late in the evening of Friday, April 18, 2025 a light-colored Jeep with a bike rack affixed to the back of it pulled into camera view in the Northeast corner of the parking lot of the ICE office location. The Jeep did a U-turn then left the view of the camera. Shortly thereafter, a white adult male, wearing only underwear, a black balaclava, and ski goggles activated the motion sensor and was caught on surveillance camera flipping of the camera with his middle finger and then approaching the ICE Transit Van and ripping pieces off of the passenger side mirror. He struggled with and tried to pull off the entire mirror but was unsuccessful. Although it cannot be seen given the angle of the camera, it is fairly clear that the individual did the same thing to the driver's side because the same type of damage was found to that mirror and the male was seen on the surveillance footage walking around to that side immediately after damaging the mirror on the passenger side.

One of the SGPD officers used city-wide surveillance and located the likely suspect vehicle in the area of the scene just a few minutes before the incident and then a few minutes after the incident. That surveillance footage identified the license plate of the Jeep. The registered owner of the Jeep was determined to be Ryan GAINES with an address in Santa Clara, Utah. Officers observed that the physical descriptors of the male in the surveillance video damaging the ICE Transit Van matched those of GAINES.

That same day, officers went to the residence of GAINES to attempt to talk with him about the incident but were told by his wife that he was at work. They obtained a phone number for GAINES and one officer contacted him to try and arrange a meet up to discuss the incident. GAINES was hesitant, wanted to know why the officer wanted to meet up, and ultimately agreed to when the officer ended up telling GAINES that he had probable cause for his arrest. At that point on the phone, GAINES requested a lawyer be present. At no point after this did officers attempt an investigative interview of GAINES.

Officers traveled to GAINES' place of work and arrested him for this incident. He was then booked into PCF. After that, they returned to his residence and made contact with his wife again. She agreed to let them search the Jeep which was in the garage. They observed that the Jeep in the garage was a match for the Jeep seen on city-wide surveillance around the scene of the incident the night of the incident. They also located a pair of ski goggles and balaclava that matched the ones worn by the individual that committed the damage in a bin in the garage.

A damage estimate was done by an auto body shop in St. George, Utah and the cost to fix the damage was put at $2,932.02 in that estimate.

## Victim Notification

☒ This matter does not involve a victim requiring notification under the CVRA, though there is the potential for restitution under 18 U.S.C. § 3663A.

DATED this 20th day of May, 2025.

                                      FELICE JOHN VITI
                                      ACTING UNITED STATES ATTORNEY

                                      _____
                                      BRADY WILSON
                                      Assistant United States Attorney